Kalisky *v.* Currey.

### L. KALISKY *v.* ALLEN CURREY.

APPEAL. *Garnishment. Judgments and decrees.* The original debtor may appeal from a judgment rendered against a garnishee, though the latter does not complain.

Cases cited: Kaylor *v.* Brunswick, 6 Heis., 235.
Code cited: Sections 3492, 3100.

---

#### FROM FAYETTE.

---

Appeal from the Circuit Court. T. J. FLIPPIN, Judge.

W. A. MILLIKEN for plaintiff.

H. C. MOORMAN for defendant.

FREEMAN, J., delivered the opinion of the court.

Kalisky had a judgment and execution against Currey before a justice of the peace. Peebles was summoned by the officer under garnishment process and answered, on which a judgment was rendered against Peebles for $46, supposed to be owing by him to said Currey. Currey, the original debtor, appealed to the circuit court, Peebles did not. On the hearing in the circuit court, the court held the facts as to indebtedness insufficient, and gave judgment for defendant, from which plaintiff appealed to this court.

It is clear, from the answer of the garnishee and from the facts of the case, no judgment could properly have been rendered against him in the case. The

Kalisky *v.* Currey.

debt he acknowledged was not due to Currey, but to Currey & Patterson, as partners in the well-digging business.

The only question is, whether an appeal will lie by the original debtor in such a case as this, the garnishee not complaining. It is insisted that section 3492 of the Code, authorizing an appeal in all garnishment cases at the instance of the plaintiff, the defendant or the garnishee, only applies to cases of attachment by garnishment. If this is not correct, it is clear the language allows the present appeal on the part of the defendant. Under title "Execution," sec. 3100, among the provisions for garnishment under executions, it is enacted: "The provisions of the Code in regard to garnishment on attachments, regulate proceedings under this article whenever applicable."

The section providing for appeals, as quoted above, is one of these sections. We can see no good reason why it is not applicable, and so we held in a case at last term.

It would be difficult to hold that the defendant might appeal only to show that the debt was paid, or to fix any limitation upon his right. The language of the case in 6 Heiskell, 235, is not in conflict with this view, especially when taken in connection with the facts of the case before the court. We hold the defendant had the right to appeal, and the court properly refused to render a judgment against the garnishee on the facts as to his indebtedness.

Affirm the judgment.